## Deagler's Estate.

*Maurice S. Levy*, for petitioner; *Harry M. McCaughey*, for respondent.

VAN DUSEN, J., Nov. 28, 1930.—The original petition asked for a decree directing the conveyance of a certain property to petitioner by the executor of decedent pursuant to an oral agreement whereby decedent agreed to transfer title to the property to her in consideration of services. After answer and replication this was referred to a master, who has taken testimony and filed a report recommending dismissal of the petition. Exceptions were allowed *nunc pro tunc* and the matter was referred back to the master.

Now the petitioner asks leave to amend by averring an oral agreement whereby the decedent agreed to make a will transferring the property in consideration of future services.

The amendment asked is not so radically at variance with the original cause of action as to move us to refuse the request; but it comes so late in the day that we think the petitioner should bear the cost of further hearings before the master in the first instance; and, we, therefore, enter the following decree:

And now, Nov. 28, 1930, the prayer of the petition of Minerva B. Fellman filed Sept. 17, 1930, for leave to amend her petition is granted, and the amend-

ment prayed for is allowed. Petitioner and respondents have leave to introduce further evidence and argument; but the cost of proceedings before the master after this date, including his fee and stenographic service, shall be paid in the first instance by the petitioner, who shall deposit $250 with the clerk of the court or file a bond with approved surety in that sum as security for the same within thirty days; the ultimate liability as between the parties to await final decree. If said deposit is not made or bond filed within the time stated, the clerk shall mark said petition of Sept. 17, 1930, dismissed, upon the præcipe of counsel for respondents.

LAMORELLE, P. J., did not sit.